HOWARD E. BUSHNELL, Appellant, *v.* GEORGE B. SPEARIN, Respondent.

Supreme Court, Appellate Term, First Department, June, 1922.

Sales — agreement to sell steel bars — request by seller to substitute larger bars in one item comprising less than three per cent of order gives no right to buyer to cancel entire order.

After plaintiff had agreed to furnish defendant, on two written orders, a quantity of steel bars of prescribed dimensions he wrote defendant stating that it was impossible to furnish the quarter-inch bars, representing less than three per cent of the total material called for, and requesting defendant to substitute therefor three-eighths-inch bars.　Defendant immediately upon receipt of plaintiff's letter canceled his order for the steel bars and plaintiff upon receipt of the cancellation wrote defendant that he had misinterpreted the plaintiff's letter which merely asked permission to make a substitution to expedite delivery; that plaintiff could furnish quarter-inch bars, and would not accept cancellation of the order in which no time for delivery was stated.　In an action for damages the trial judge granted judgment for defendant on the ground that he was justified in canceling the contract on receipt of plaintiff's first letter.　*Held,* erroneous; that in the light of the contract the request to substitute the larger for the smaller thickness of bars did not as matter of law warrant treating the letter as a cancellation of the contract.　Judgment reversed and new trial ordered.

APPEAL by plaintiff from judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, in favor of defendant.

*Edward C. O. Thomas,* for appellant.

*Alfred S. Brown,* for respondent.

*Per Curiam.* Action to recover plaintiff's damages for defendant's cancellation of contract for the furnishing of a quantity of steel bars in accordance with prescribed dimensions. There were two written orders given to plaintiff by defendant, each dated July 19, 1921 — one (No. 1025) calling for 800 tons of steel, and the other (No. 1026) for 484 tons as specified therein. In the 484-ton order there is an item of " 17300 — $\frac{1}{4}''$ x 7' .0" square," this item representing about 40 tons of the lot, or less than three per cent of the total material called for. No time within which the material was to be delivered is stated in the order, and the question of time does not enter into the controversy. On order No. 1026 the plaintiff was awaiting further specifications from the defendant; and at the request of plaintiff some modifications were on or about July twenty-first made in that order.

On August 8, 1921, plaintiff wrote defendant " that the Donner Steel Company requests that you notify the Dock Department that they will roll your orders 1025 and 1026 and that arrangements should be made with the Donner Steel Company at the earliest possible moment regarding tests, etc. I now find that it is impossible to get any mill to roll the $\frac{1}{4}''$ square deformed bars and ask that you will kindly allow me to substitute $\frac{3}{8}''$ round deformed bars, which will be billed to you on the $\frac{1}{4}''$ square basis." Upon receipt of this letter the defendant immediately replied as follows: " We beg to acknowledge receipt of your favor of the 8th inst., in which you state you find it impossible to get any mill to roll the $\frac{1}{4}''$ bars called for on our orders No. 1025 and No. 1026. We therefore find it necessary to cancel these orders with you." Having dictated this letter to plaintiff the defendant's president testified he telephoned the Lackawanna Steel Company at once, and within an hour and a half the orders were placed with that company, before the cancellation reached the plaintiff. Upon receipt of the cancellation plaintiff wrote defendant that defendant had misinterpreted the plaintiff's letter of August eighth; that that letter merely asked permission to make a substitution to expedite delivery; that plaintiff could furnish quarter inch bars, and would not accept cancellation of the orders under any consideration.

At the close of the case the trial judge granted judgment for defendant on the ground that the defendant was justified in canceling the contract on receipt of plaintiff's letter of August eighth. In our opinion the ruling was erroneous, for although plaintiff stated

in the letter of August eighth that it was impossible to furnish the quarter inch bars, that statement was coupled with a request to substitute three-eighth inch bars for quarter inch bars, so that the letter in substance and effect was susceptible of the construction that it was merely a request to substitute the larger for the smaller thickness of bars, and such request, in view of the existing contract of the parties, did not, at least as matter of law, warrant the defendant in treating the letter as a cancellation of the contract.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, GUY, BIJUR and McCOOK, JJ.

Judgment reversed.